UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

RANDY Q. AUMAN/ENDICOTT,

Plaintiff,

v.

STATE OF MINNESOTA,
SHARON L. HALL, Judge of the
10th Judicial District, and
BRYAN LINDBERG,
Assistant County Attorney,

Defendants.

---

Civil No. 05-2428 (JRT/JJG)

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the Minnesota Correctional Facility at Faribault, Minnesota, commenced this action by filing a self-styled complaint, (Docket No. 1), by which he is seeking relief for alleged violations of his federal constitutional rights. The matter has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted, because all of the named Defendants are fully immune from the claims Plaintiff is attempting to bring. The Court will therefore be recommend that this action be

---

[1] Plaintiff did not tender the required filing fee with his complaint, but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) It appears from Plaintiff's IFP application that he may be unable to pay even the initial partial filing fee that prisoners are required to pay pursuant to 28 U.S.C. § 1915(b)(1). Thus, the Court finds, at least for now, that Petitioner has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening process prescribed by § 1915A.

summarily dismissed pursuant to § 1915A(b).

## I. BACKGROUND

This lawsuit stems from a criminal prosecution that was brought against Plaintiff in the state district court for Anoka County, Minnesota. Defendant Bryan Lindberg, an Assistant Anoka County Attorney, allegedly represented the State of Minnesota during the course of Plaintiff's criminal case.

Plaintiff alleges that on several occasions during his criminal case, he was brought before the trial court for the purpose of determining whether he could be released on bail. According to the complaint, the trial court judge, Defendant Sharon L. Hall, repeatedly ordered that Plaintiff be held without bail. As a result, Plaintiff allegedly was kept in confinement while his criminal case was pending, and he allegedly was denied certain jailhouse privileges accorded to other pre-trial detainees.

Plaintiff is now attempting to sue Judge Hall, as well as Assistant County Attorney Lindberg and the State of Minnesota, for allegedly depriving him of his federal constitutional rights, by denying him the opportunity to be released on bail. His claims are brought under 42 U.S.C. § 1983. Plaintiff is seeking "nominal damages in the amount of $42,000 against each Defendant, jointly and severally," and a "permanent injunction - ordering defendants... not to deprive citizens of their rights." (Complaint, [Docket No. 1], p. 6.)

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from governmental entities and/or employees, his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"),

requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental parties "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If a prisoner-plaintiff has failed to plead a claim on which relief can be granted, or if the named defendants are immune from being sued, his action must be summarily dismissed. 28 U.S.C. § 1915A(b)(1). In this case, the Court finds that Plaintiff has failed to state any cause of action on which relief can be granted, because all three of the named Defendants are immune from the claims that Plaintiff is attempting to bring against them.

Plaintiff's attempt to sue the State of Minnesota is fatally defective because states are immune from suit in federal court under the Eleventh Amendment to the Constitution. Glick v. Henderson, 855 F.2d 536, 540, (8th Cir. 1988). The Eleventh Amendment provides that states and their agencies are immune from suit in federal court, unless the state has consented to being sued, Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam), or Congress has abrogated the state's immunity by some express statutory provision. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995). It is well-settled that Congress did not lift the states' Eleventh Amendment immunity when it enacted § 1983, (Will, 491 U.S. at 66-67, Quern v. Jordan, 440 U.S. 332, 341-45 (1979)), and there is no indication that the State of Minnesota has waived its immunity and consented to being sued in this case. Thus, the Court concludes that Plaintiff's present complaint fails to state an actionable claim against the State of Minnesota.

Plaintiff's claims against Judge Sharon L. Hall are clearly barred by the doctrine of judicial immunity.  It is well-settled, under both federal and state law, that judges are completely immune from civil lawsuits based on claims of misconduct during the performance of their judicial functions. Pierson v. Ray, 386 U.S. 547, 553-54 (1967); Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Mireles v. Waco, 502 U.S. 9, 11 (1991); Liles v. Reagan, 804 F.2d 493, 495 (8th Cir. 1986).  See also Hoppe v. Klapperich, 224 Minn. 224, 234 (1947) ("'it is unquestionable, and has been from the earliest days of the common law, that a judicial officer cannot be called to account in a civil action for his determinations and acts in his judicial capacity, however erroneous or by whatever motives prompted'"), quoting Stewart v. Case, 53 Minn. 62, 66 (1893). Plaintiff obviously is attempting to sue Judge Hall for acts that she allegedly performed as the presiding judge in Plaintiff's state court criminal case.  Therefore, the claims that Plaintiff is currently attempting to bring against Judge Hall are barred by the doctrine of judicial immunity.

It is also well-settled that state prosecutors are immune from civil rights claims that are based on actions taken in the performance of their prosecutorial duties. Imbler v. Pachtman, 424 U.S. 409, 427-428 (1976); Patterson v. Von Riesen, 999 F.2d 1235, 1237 (8th Cir. 1993); Snelling v. Westhoff, 972 F.2d 199, 200 (8th Cir. 1992) (per curiam), cert. denied, 506 U.S. 1053 (1993).  Prosecutorial immunity specifically applies to all acts or omissions by a prosecutor "in initiating a prosecution and in presenting the State's case."  Imbler, 424 U.S. at 431. "If the prosecutor is acting as advocate for the state in a criminal prosecution, then the prosecutor is entitled to absolute immunity." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266

(8th Cir.), cert. denied, 519 U.S. 867 (1996).

It is readily apparent that Defendant Bryan Lindberg is absolutely immune from Plaintiff's civil rights claims. Plaintiff is attempting to sue Defendant Lindberg for acts that he allegedly performed during the course of the State's criminal prosecution against Plaintiff. See id. ("[a]bsolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"). Because Defendant is being sued for his purely prosecutorial activities, he is clearly entitled to prosecutorial immunity in this case.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff has failed to state any cause of action on which relief can be granted, and that this case must therefore be dismissed pursuant to 28 U.S.C. § 1915A(b). Because Plaintiff has not stated any viable claim in his complaint, his application for leave to proceed IFP, (see n. 1, supra), must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $250 filing fee.[2] To date, he has not

---

[2] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the

5

paid any fee at all, so he still owes the full $250 fee. Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).

The Court further finds that the dismissal of this action should count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

Finally, the Court will recommend that Plaintiff's motion for appointment of counsel, (Docket No. 3), be denied, because Plaintiff has no actionable claim for relief. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

2. Plaintiff's Motion For Appointment Of Counsel, (Docket No. 3), be **DENIED**;

3. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

4. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $250.00, in accordance with 28 U.S.C. § 1915(b)(2); and

5. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."

---

moment the prisoner brings a civil action or files an appeal").

Dated: October 24, 2005                                       s/Jeanne J. Graham

                                                              JEANNE J. GRAHAM
                                                              United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by November 10, 2005. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.