UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| RANDY Q. AUMAN/ENDICOTT, | Civil No. 05-2428 (JRT/JJG) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE AND DENYING MOTIONS TO AMEND COMPLAINT** |
| STATE OF MINNESOTA, JUDGE SHARON L. HALL, and BRYAN LINDBERG, | |
| Defendants. | |

Randy Q. Auman/Endicott, O.I.D. #117253, Minnesota Correction Facility - Faribault, 1101 Linden Lane, Faribault, MN 55021, plaintiff *pro se*.

Plaintiff Randy Q. Auman/Endicott ("Endicott"), a prisoner incarcerated at the Minnesota Correctional Facility at Faribault, Minnesota, brings this complaint pursuant to 42 U.S.C. § 1983. In a Report and Recommendation dated October 24, 2005, United States Magistrate Judge Jeanne J. Graham recommended denying Endicott's Application to Proceed Without Prepayment of Fees and dismissing Endicott's complaint. Currently before the Court is petitioner's objection to the Magistrate Judge's Report and Recommendation. The Court has conducted a *de novo* review of petitioner's objection pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). For the reasons set forth below, the Court overrules plaintiff's objection and adopts the report and recommendation of the Magistrate Judge.

## BACKGROUND

In late 2004, plaintiff was criminally prosecuted in the Anoka County District Court in the State of Minnesota. Plaintiff alleges that Anoka County District Court Judge Sharon L. Hall ordered that plaintiff be held without bail. As a result, plaintiff was kept in confinement while his criminal case was pending, and he was denied certain jailhouse privileges accorded to other pre-trial detainees. Plaintiff also alleges that an Assistant Anoka County Attorney, Bryan Lindberg, was representing the State of Minnesota during the course of plaintiff's criminal case and was present at hearings where Judge Hall ordered plaintiff detained without bail.

Plaintiff brings this lawsuit under 42 U.S.C. § 1983 against Judge Hall, Lindberg, and the State of Minnesota, claiming that his constitutional right to be released on bail was violated. Plaintiff seeks a "permanent injunction - ordering defendants . . . not to deprive citizens of their rights," and "nominal damages in the amount of $42,000 against each Defendant."[1]

## ANALYSIS

Because Plaintiff is a prisoner who is seeking redress from governmental entities and/or employees, his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court determines which aspects of the pleading are actionable and should be allowed to proceed. 28 U.S.C. § 1915A(b)(1). If a prisoner-

---

[1] *See* Docket No. 1.

plaintiff has failed to plead a claim on which relief can be granted, or if the named defendants are immune from being sued, his action must be dismissed. *Id.*

Plaintiff objects to the report and recommendation, arguing that his case should not be dismissed.[2] The Court disagrees, finding that all three defendants are immune from plaintiff's claims.

**I.   Immunity**

The Eleventh Amendment provides that states and their agencies are immune from suit in federal court, unless the state has consented to being sued or Congress has abrogated the state's immunity by some express statutory provision. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66-67 (1989); *Pugh v. Alabama*, 438 U.S. 781, 782 (1978); *Egerdahl v. Hibbing Community Coll.*, 72 F.3d 615, 619 (8th Cir. 1995). Congress did not lift the states' Eleventh Amendment immunity when it enacted § 1983, and there is no indication that the State of Minnesota has waived its immunity and consented to being sued in this case. *Will*, 491 U.S. at 66-67, *Quern v. Jordan*, 440 U.S. 332, 341-45 (1979). Therefore, the Court finds that plaintiff's claims against the State of Minnesota are barred.

Judges are completely immune from civil lawsuits based on claims of misconduct during the performance of their judicial functions. *See*, *e.g.*, *Mireles v. Waco*, 502 U.S. 9,

---

[2] The Court notes that plaintiff seeks to amend his complaint, and also requests the Court to appoint counsel to assist him in this case. *See* Docket Nos. 3, 6, 8-10. The Court denies both requests. First, the amended complaint is virtually identical to his initial complaint, and plaintiff's additional moving papers do not contain any new arguments, claims, or allegations. Second, the Court finds that it would not assist the Court to appoint counsel for plaintiff here, given the lack of complexity in the legal issues presented. *See* 28 U.S.C. § 1915(d); *Nachtigall v. Class*, 48 F.3d 1076, 1081-82 (8th Cir. 1995).

11 (1991); *Mahoney & Hagberg v. Newgard*, 712 N.W.2d 215, 219 (Minn. Ct. App. 2006) (citing *Hoppe v. Klapperich*, 28 N.W.2d 780, 788 (Minn. 1947)). Here, plaintiff is suing Judge Hall for acts that she allegedly performed as the presiding judge in plaintiff's state court criminal case. As a result, the Court finds that plaintiff's claims against Judge Hall are barred by the doctrine of judicial immunity.

Prosecutors are immune from civil rights claims that are based on actions taken in the performance of their prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 427-428 (1976); *Mahoney*, 712 N.W.2d at 219. Prosecutorial immunity specifically applies to all acts or omissions by a prosecutor "in initiating a prosecution and in presenting the State's case." *Imbler*, 424 U.S. at 431; *see also Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("[a]bsolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"). Here, plaintiff is suing Lindberg for acts that he allegedly performed during the course of the State's criminal prosecution against plaintiff. The Court finds that plaintiff's claims against Lindberg are barred.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objection [Docket No. 5] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 4]. Accordingly, **IT IS HEREBY ORDERED** that:

- 5 -

1. Plaintiff's complaints [Docket Nos. 1, 9] are **DISMISSED with prejudice**.

2. Plaintiff's motion for leave to proceed in forma pauperis [Docket No. 2] is **DENIED**.

3. Plaintiff's motions to appoint counsel [Docket Nos. 3, 6, 8] are **DENIED**.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's motion to amend the complaint [Docket No. 7] is **DENIED**.

5. Plaintiff's motion to allow supplementary evidence to amend complaint [Docket No. 10] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED: June 30, 2006                         s/ John R. Tunheim           _
at Minneapolis, Minnesota.                    JOHN R. TUNHEIM
                                              United States District Judge